**LAW OFFICES OF JAMES F. HOLTZ**
*A Professional Corporation*
James F. Holtz (SBN 95064)
james.holtz@holtzapc.com
Natalie C. Holtz (SBN 334221)
natalie.holtz@holtzapc.com
16935 West Bernardo Drive, Suite 170
San Diego, California 92127
Telephone: (619) 881-1246
Facsimile: (619) 924-5199

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

**'21CV1602 H    WVG**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| FREDERICK MINTER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 37-2021-00029523-CU-PO-CTL<br>ICJ:    Hon. Carolyn Caietti<br>DEPT:  C-70<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>COMPLAINT FILED: July 9, 2021<br>TRIAL DATE:            Not set |

Defendant COSTCO WHOLESALE CORPORATION severing itself from all other parties, and for itself alone, answers the unverified Complaint on file herein, as follows:

### I.

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30 (d), Defendant denies generally and specifically each and every allegation contained in the Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

///

///

///

## AFFIRMATIVE DEFENSES

### II.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

As a separate affirmative defense to the Complaint on file herein, Defendant alleges that the Complaint, and each cause of action thereof, fails to allege facts or other allegations sufficient to constitute a cause of action against Defendant.

### III.

### SECOND AFFIRMATIVE DEFENSE

**(Plaintiff's Comparative Fault)**

As a separate affirmative defense to the Complaint on file herein, Defendant is informed and believes and thereon alleges, that the damages, if any, sustained or suffered by Plaintiff in the action on file herein, were proximately caused and contributed to by the negligence of Plaintiff, in that Plaintiff failed to exercise ordinary, reasonable care and caution concerning the matters alleged in said Complaint, which negligence bars recovery and/or reduces Plaintiff's recovery in proportion to the percentage of Plaintiff's negligence, and fault of Plaintiff.

### IV.

### THIRD AFFIRMATIVE DEFENSE

**(No Legal Cause)**

As a separate affirmative defense to the Complaint on file herein, Defendant is informed and believes and thereon alleges that the acts, omissions, if any, of Defendant herein were not the legal cause of the losses, damage or injuries alleged in the Complaint.

///
///
///
///
///
///

V.

**FOURTH AFFIRMATIVE DEFENSE**

**(Comparative Fault of Others)**

As a separate affirmative defense to the Complaint on file herein, Defendant is informed and believes and thereon alleges that if Defendant is in any way held responsible for the damages claimed herein by Plaintiff, that the damages so sustained were proximately caused and contributed to by primary and active fault, or the culpable acts, omissions and fault of persons and entities other than Defendant, which persons and entities include each and every party to this action, and Defendant therefore alleges that any and all damages awarded herein should be apportioned between all such responsible parties pursuant to the doctrines of comparative negligence, total indemnity and partial indemnity.

VI.

**FIFTH AFFIRMATIVE DEFENSE**

**(Intervening and Superseding Cause)**

As a separate and distinct affirmative defense, the damages Plaintiff claims to have sustained herein were proximately caused by third party conduct which was an intervening and superseding cause.

VII.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Joint and Several Liability for Non-Economic Losses)**

As a separate affirmative defense to the Complaint on file herein, this answering Defendant denies that Defendant was responsible for Plaintiff's damages in the incident alleged in the Complaint on file herein. However, if liability is found, these answering Defendant may be held liable only for the amount of non-economic damages allocated to this answering Defendant in direct proportion to this answering Defendant's percentage of fault, pursuant to Civil Code section 1431.2.

///

///

///

## VIII.

### SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a further, separate and affirmative defense to the Complaint, and each cause of action therein, it is alleged that the cause of action alleged within the Complaint is barred by the applicable statute of limitations pursuant to California Code of Civil Procedure section 335.1, 337.1, or 338.

## IX.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a separate affirmative defense to the Complaint on file herein, this answering Defendant is informed and believes and thereon alleges that Plaintiff has failed, refused, and neglected to reasonably mitigate Plaintiff's damages, which bars or diminishes any recovery herein by Plaintiff.

## X.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Name a Necessary and/or Indispensable Party)

Defendant alleges that the Plaintiff failed to name a party necessary for full and adequate relief essential in this case.

## XI.

### TENTH AFFIRMATIVE DEFENSE

### (Laches, Estoppel, and/or Waiver)

Defendant alleges that the Plaintiff delayed investigation of this claim to the prejudice of the Defendant and accordingly this action should be dismissed.

## XII.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Condition)

Defendant alleges that the injuries claimed to have been suffered by Plaintiff were caused by a pre-existing or unrelated medical condition, disease, illness or infection of the Plaintiff.

///

XIII.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Vicarious Responsibility)

Defendant alleges that it is not vicariously responsible for the actions of any third party who is alleged to have been negligent, and therefore cannot be held responsible for his/her actions.

**PRAYER**

WHEREFORE, Defendant prays for the following:

1. That Plaintiff take nothing by way of the Complaint on file herein;
2. For attorney's fees and costs of suit herein incurred; and
3. For such other and further relief as the court may deem just and proper.

Dated: September 9, 2021

LAW OFFICES OF JAMES F. HOLTZ
A Professional Corporation

By: *[signature]*
James F. Holtz
Natalie C. Holtz
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## PROOF OF SERVICE

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made. My business address is 16935 West Bernardo Drive, Suite 170, San Diego, California 92127.

On September 9, 2021, I served the following document(s):

- **DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒ **BY MAIL**: by depositing in the United States Postal Service mailbox at 16935 West Bernardo Drive, Suite 170, San Diego, California 92127, a true copy thereof in a sealed envelope with postage thereon fully prepaid and addressed as follows:

☒ **BY ELECTRONIC SERVICE** via e-mail sent to the attorney email addresses as set out below without electronic error on the date indicated below from wanda.barker@holtzapc.com.

Scott N. Salmu  
SALMU LAW FIRM, APLC  
343 E. Main Street, Suite 202  
El Cajon, CA  92020  
Telephone: (619) 579-4200  
Facsimile: (619) 579-4217  
Scott@salmulaw.com

*Attorneys for Plaintiff*  
**FREDERICK MINTER**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 9, 2021, at San Diego, California.

*(signed)* Wanda Barker  
Wanda Barker